NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY ZANDONATTI, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> COUNTRYWIDE BANK, FSB, Original Lender; et al., <br><br> Defendants-Appellees. | No. 14-15796 <br><br> D.C. No. 4:13-cv-00184-DCB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Anthony Zandonatti appeals pro se from the district court's judgment

dismissing without leave to amend his diversity action relating to foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011), and we affirm.

We affirm the district court's dismissal of Zandonatti's action because Zandonatti failed to raise any argument in his opening brief concerning the district court's grounds for dismissal, and has therefore waived his appeal of the district court's ruling on the sufficiency of his allegations. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

The district court did not abuse its discretion in denying Zandonatti's "joint motion to strike defendant's motion to dismiss and for proof of authority to represent". *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038, 1041 (9th Cir. 2003) (setting forth standard of review and explaining "[d]iscretion is abused when the judicial action is 'arbitrary, fanciful or unreasonable' or 'where no reasonable [person] would take the view adopted by the trial court'"). Contrary to Zandonatti's contentions, the district court did not abuse its discretion by ruling on defendants' motion after giving Zandonatti notice under *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), advising him that he was required to file a response to defendants' motion to dismiss, and providing him nearly one month to prepare a response.

We reject as without merit Zandonatti's contentions concerning defendants' alleged procedural due process violations and the alleged prejudicial misconduct of defendants' attorneys.

**AFFIRMED.**